Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBE P. HOFFMAN COMPANY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRADA USA CORP., a New York Corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.:  CV14-2941<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT.<br><br>Jury Trial Demanded |

RUBE P. HOFFMAN COMPANY, INC. by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331(m),

1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. RUBE P. HOFFMAN COMPANY, INC., individually, and doing business as HOFFMAN CALIFORNIA INTERNATIONAL FABRICS, is a corporation organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant PRADA USA CORP. ("PRADA"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 610 West 52nd Street, New York, New York 10019, and that PRADA does business in the State of California.

6. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 10, inclusive, are other individuals and/or companies involved in the manufacture, distribution and/or sale of the copyright infringing product at issue in this case. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently

1  ratified and adopted, or both, each and all of the acts or conduct alleged, with full
2  knowledge of all the facts and circumstances, including, but not limited to, full
3  knowledge of each and every violation of Plaintiff's rights and the damages to
4  Plaintiff proximately caused thereby.

5  8.  Prior to the conduct complained of herein, Plaintiff composed an
6  original two-dimensional artwork. It allocated this design Plaintiff's Internal
7  Design Code SRT-012 (hereinafter "Subject Design").

8  9.  Plaintiff has applied for and received a copyright registration for the
9  Subject Design.

10  10. Prior to the acts complained of herein, Plaintiff sampled and sold fabric
11  bearing Subject Design to parties in the fashion and apparel industries.

12  11. Following this distribution of product bearing the Subject Design,
13  Plaintiff's investigation revealed that products including handbags, sweaters, and
14  a variety of other items bearing an unauthorized reproduction of the Subject
15  Design were being sold by PRADA.  These products were sold under style
16  numbers including but not limited to BL0897, and bearing the name Saffiano
17  Print- Amaranto Disegno Ramage ("Accused Product").

18  12. A comparison of Subject Design (left) and Accused Product (right) are
19  set forth below; it is apparent that the elements, composition, arrangement,
20  layout, and appearance of the design are substantially similar, if not virtually
21  identical.

27  ///
28  ///

| SUBJECT DESIGN | ACCUSED PRODUCT EXEMPLAR |
|---|---|
|  |  |

\*\*\*

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

13. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding Paragraphs 1 through 12, inclusive, of this Complaint.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by manufacturing, distributing, or selling the Accused Products, each of which incorporate a design that is at least substantially similar to, and thus infringes Plaintiff's rights in, the Subject Design.

15. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial, and Defendants have obtained profits they would not otherwise have realized but for

their infringement of the Subject Design, also in an amount to be established at trial.

16. Plaintiff is informed and believes and thereon alleges that Defendants' acts of copyright infringement were committed willfully and/or with reckless disregard of Plaintiff's rights such that a finding of willful copyright infringement and the award of enhanced damages or a preclusion from cost deduction is appropriate.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

17. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 17, inclusive, of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged hereinabove.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

20. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject

Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants' acts of copyright infringement were committed willfully and/or with reckless disregard of Plaintiff's rights such that a finding of willful copyright infringement and the award of enhanced damages or a preclusion from cost deduction is appropriate.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

   a. That Defendants, their agents and servants be enjoined from selling the Accused Product or other product that infringes Plaintiff's copyright in the Subject Design;
   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;
   d. That a constructive trust be entered over the Accused Product, and any revenues derived in connection with said product;
   e. That Plaintiff be awarded pre-judgment interest as allowed by law;
   f. That Plaintiff be awarded the costs of this action; and
   g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

1  ///

2        Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38 and the 7th
3  Amendment to the United States Constitution.

4
5  Dated: April 16, 2014                    **DONIGER / BURROUGHS APC**

6
7                                                By: <u>s/ Stephen M. Doniger</u>
8                                                Stephen M. Doniger, Esq.
                                              Attorneys for Plaintiff
9                                                RUBE P. HOFFMAN COMPANY, INC.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28